## STAPPER v. RUSCH.

No. 2349.

Court of Civil Appeals of Texas. Beaumont.

March 24, 1933.

Rehearing Denied March 29, 1933.

D. H. Zook, of San Antonio, for appellant.

Briscoe & Morris and Joe L. Hill, all of San Antonio, for appellee.

WALKER, Chief Justice.

On December 6, 1927, appellant, Herman Stapper, entered into a written contract with appellee, Miss M. Rusch, to sell her certain residence lots in the city of San Antonio, upon which was situated one eight-room dwelling house. The contract set out the conditions of the sale, the consideration to be paid for the property, and bound appellant to deliver to appellee abstract of title to the property within thirty days, and gave her thirty days to investigate the title. Appellee was satisfied with the title and, while the contract was in full force and effect and binding on all parties, asked for the delivery of the title on the terms of the contract. Appellant breached the contract by refusing to deliver title. Thereupon, appellee instituted suit against him for the difference between the contract price and the market value of the property at the time of the breach. Upon trial to the court without a jury, judgment was entered in appellee's favor for $1,500, from which appeal was prosecuted to the San Antonio Court of Civil Appeals, and transferred to this court by orders of the Supreme Court.

Appellant's defense is that after the contract was entered into, and before appellee accepted the title, the dwelling house thereon was seriously damaged by fire, thereby "excusing him" from performance. Under the evidence, the house was seriously damaged by fire, for which the insurance company paid appellant, under its policy of insurance, the sum of $1,850. Notwithstanding the fire, appellee, as testified to by appellant's agent in the sale, "offered to go ahead with the deal at that time," referring to the morning after the fire. As she was willing to proceed with the execution of the contract according to its terms, the fact that the property had been damaged by fire did not excuse appellant from its performance. If he desired to be excused from performance in the event of the contingency that arose in this case, it was his duty to provide therefor in his contract. 13 C. J. 635.

The amount of the judgment has full support in the testimony.

Affirmed.